IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LARRY GIVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-089 |
| | ) | |
| TERRY E. BARNARD, Chairman of the | ) | |
| Georgia State Board of Pardons and Parole,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

**I. BACKGROUND**

Petitioner reports he was convicted in 1982 in the Superior Court of Richmond County, Georgia for felony murder and criminal attempt to commit armed robbery, and he is currently on parole, serving a life sentence. (Doc. no. 1, p. 1.) The Supreme Court of Georgia affirmed his convictions on June 28, 1983. (Id. at 2); see also Givens v. State, 305 S.E.2d 589 (Ga. 1983) (mem.). Petitioner also reports filing four petitions for state habeas

---

[1]The Court **DIRECTS** the **CLERK** to substitute Terry E. Barnard, Chairman of the Georgia State Board of Pardons and Parole, as the proper Respondent for the reasons stated in § II.A., infra.

corpus relief in the Superior Court of Baldwin County in 1988, 1991, 1994, and 2004. (Id. at 2-4; doc. no. 1-4.) In his 1988 state habeas petition, Petitioner's conviction for criminal attempt to commit armed robbery was vacated because he could not be convicted of both felony murder and the underlying felony. (Id. at 17-20.)

Although Petitioner does not expressly state he filed any previous federal habeas corpus petitions, he does cite to an Eleventh Circuit opinion in a § 2254 proceeding Petitioner previously filed. (See doc. no. 1, p. 12; doc. no. 1-3.) Indeed, the Court is aware Petitioner filed federal habeas corpus petitions in 1995 and 2016 challenging his 1982 conviction. See Givens v. Roulain, CV 195-172 (S.D. Ga. Nov. 7, 1995); Givens v. Barnard, 1:16-CV-4141-LLM-CMS (N.D. Ga. Nov. 4, 2016). In his second federal petition, Petitioner argued his current convictions violated double jeopardy, trial counsel rendered ineffective assistance of counsel for failing to raise a double jeopardy issue, appellate counsel rendered ineffective assistance of counsel for failing to raise a merger issue and for filing a motion to withdraw as counsel, and the state knowingly used perjured testimony to convict Petitioner. Givens v. Barnard, 1:16-CV-4141-LLM-CMS, doc. no. 1 (N.D. Ga. Nov. 4, 2016). United States District Judge Leigh Martin May dismissed the petition as successive based on Petitioner's 1995 § 2254 habeas petition, which was decided on the merits. Id., doc. no. 6; see also Givens v. Roulain, CV 195-172, doc. no. 15 (S.D. Ga. Nov. 7, 1995). The Eleventh Circuit then affirmed Judge May's ruling. Givens v. State Bd. Of Pardons and Parole, 473 F. App'x 418 (11th Cir. 2018) (mem.).

Petitioner does not allege he requested a Certificate of Appealability to appeal to the Eleventh Circuit Court of Appeals. On June 17, 2019, Petitioner filed the instant request for federal habeas corpus relief, arguing the same grounds of relief regarding his 1982

2

conviction and even including many of the same documents. (See generally doc. no. 1.) He further requests the 1988 Superior Court of Baldwin County order vacating his conviction for criminal attempt to commit armed robbery be executed. (Id. at 26-27.)

## II. DISCUSSION

### A. Proper Respondent and Nature of Petition

Petitioner filed the instant petition on the Northern District of Georgia's standard 28 U.S.C. § 2255 form, wherein the Respondent is automatically listed as the United States of America. However, Petitioner is currently on state parole, serving a life sentence for a conviction in the Superior Court of Richmond County, Georgia. Therefore, because Petitioner is "a person in custody under a state-court judgment," his habeas petition is recharacterized as a habeas petition under 28 § U.S.C. 2254. See Retic v. United States, 215 F. App'x 962, 963-65 (11th Cir. 2007) (holding motion to compel construed by district court as § 2255 motion to vacate federal sentence should have been recharacterized as § 2254 habeas petition because petitioner was state prisoner serving state sentence). Accordingly, the Court will treat Petitioner's instant application for habeas corpus relief as one filed pursuant to § 2254 and reviews it pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Additionally, pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over Petitioner; however, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases state that where a petitioner is on probation or parole, "[t]he named respondents shall be the particular

3

probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Petitioner does not indicate the identity of his parole officer, but the current Chairman of the Georgia State Board of Pardons and Parole, which is the "official in charge of the parole or probation agency," is Terry E. Barnard, and he is now reflected as one of the proper respondents in the caption. In light of the Court's Report and Recommendation below, the Court does not inquire further into the proper parole officer at this time.

### B. Petitioner's § 2254 Petition is Successive

Because Petitioner filed a prior application for a federal writ of habeas corpus, the current application is successive. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. Without such authorization, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)

4

(explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA